# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JOSHUA F. COTTON, <br><br> Plaintiff, <br><br> vs. <br><br> BNSF RAILWAY COMPANY, a Delaware corporation, <br><br> Defendant. | CV-17-125-GF-BMM <br><br> **ORDER** |

## BACKGROUND

The Court conducted a jury trial in this matter on June 24, 2019, through June 26, 2019. (Docs. 69, 73, 76.) The jury returned a verdict on June 26, 2019. (Doc. 84.) The jury determined the Defendant BNSF Railway Company ("BNSF") was not liable in causing injury to Plaintiff Joshua Cotton ("Cotton"). The Court entered final judgment in this matter on June 27, 2019. (Doc. 86.)

Cotton filed a Motion for Judgment as a Matter of Law and Alternatively Motion for New Trial on July 24, 2019. (Doc. 88.) BNSF filed its Response in opposition to the Motion on August 7, 2019. (Doc. 89.) This Order addresses each of Cotton's arguments in turn.

1

# LEGAL STANDARDS

A party may file a motion for judgment as a matter of law at any time before the case is submitted to the jury. Fed. R. Civ. P. 50(a)(2). "The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." *Id.* "If the Court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law . . . " Fed. R. Civ. P. 50(b).

A party may make a motion for a new trial pursuant to Fed. R. Civ. P. 59(a). Rule 59(a) "does not specify the grounds on which a motion for a new trial may be granted." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (*citing Zhang v. AM. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003)). A district court possesses discretion to order a new trial under Rule 59 if "the verdict is contrary to the clear weight of the evidence." *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990). A verdict proves contrary to the weight of the evidence if "the damages are excessive, or that, for other reasons, the trial was not fair to the moving party." *Molski*, 481 F.3d at 729 (*citing Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

# DISCUSSION

Cotton asserts the following arguments in support of his assertion that the jury verdict proved contrary to the weight of the evidence: (1) the jury could not have had a legally sufficient basis to find that BNSF was not negligent; alternatively (2) Cotton is entitled to a new trial due to material evidence that was admitted over Cotton's objections and in violation of the Federal Rules of Evidence; and (3) BNSF misled the jury through continued reference to its formal Collective Bargaining Agreement ("CBA") disciplinary process. (Doc. 88-1 at 6.)

## I. Judgment as a Matter of Law

Cotton asserts that he is entitled to post-trial judgment as a matter of law. Cotton reasons that the evidence established that BNSF terminated Cotton as a result of BNSF's negligent mismanagement. (Doc. 88-1 at 7.) Cotton argues that he produced evidence that BNSF possessed no basis for blaming Cotton for altering the position of the safety mirror and failing to remove blue signal protection. BNSF argues that Cotton's motion for judgment as a matter of law must fail because Cotton did not move for judgment as a matter of law before the close of evidence on the issues that he now raises. (Doc. 89 at 7.)

Rule 50(b) "requires that a motion for JMOL [judgment as a matter of law] be made at the close of all the evidence in order to be renewed following entry of judgment." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1032 (9th Cir. 2003).

A properly raised Rule 50(b) motion must be "limited to the grounds asserted in the pre-deliberation Rule 50(a) motion." *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). A party may not "raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *Id.* (*citing Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)).

Both parties raised Rule 50(a) motions for judgment as a matter of law at the end of Cotton's case in chief. (Doc. 73.) Cotton's motion for judgment as a matter of law related to the issue of whether contributory negligence applied to this matter. *Id.* The Court deferred ruling on Cotton's Motion. *Id.* The parties renewed their motions for judgment as a matter of law following the close of Defendant's case in chief. (Doc. 76.) Cotton again limited his motion to whether contributory negligence applies in this matter. *Id.*

Cotton's failure to move for judgment as a matter of law as to the sufficiency of the evidence constitutes a waiver of this argument post-trial. *See Zhang*, 339 F.3d at 1029-30. Cotton further failed to assert at the close of evidence that he presented "unrefuted evidence that BNSF had no basis in its rules or in fact for blaming him for these events." (Doc. 88-1 at 7.) Cotton's motion for judgment as a matter of law regarding the sufficiency of the evidence fails.

Cotton further fails to demonstrate that the jury's verdict proves contrary to the weight of the evidence. *Murphy*, 914 F.2d at 187. The jury considered and weighed the evidence presented at trial. The jury reached a reasonable conclusion based on the evidence provided by the parties. Cotton's motion for judgment as a matter of law must be denied.

## II. Motion for a New Trial

Cotton argues that the Court should grant a new trial even if it declines to award judgment as a matter of law. Cotton asserts that the following evidentiary matters warrant a new trial: (1) the Court admitted certain evidence over Cotton's objections; (2) The Court admitted hearsay statements into evidence; and (3) the Court permitted BNSF to introduce evidence of the CBA disciplinary process. (Doc. 88-1 at 15-22.)

### A. Exhibits 502-3 and 502-4

Exhibit 502-3 depicted the railroad track switch from the Great Falls Roundhouse. Exhibit 502-4 depicted the track flag that Cotton allegedly left standing. Cotton argues that the Court improperly overruled his objections to the admissibility of the exhibits on lack of foundation and hearsay grounds. (Doc. 88-1 at 15-16.) Cotton argues that Tucker did not personally observe the photographs being taken, and, therefore, he did not personally observe the conditions reflected

in the photographs. *Id.* Cotton asserts that the admission of these photographs caused undue prejudice to Cotton. *Id.*

BNSF correctly asserts that Doug Evenhus captured the photos depicted in Exhibits 502-3 and 502-4. (Doc. 89 at 14.) Cotton failed to object to the admission of Exhibit 502-4. Cotton's failure to object to the admission of Exhibit 502-4 constitutes a waiver of the objection. *See Zhang*, 339 F.3d at 1035. Cotton's assertion that the Court improperly admitted Exhibit 502-4 further proves incorrect because Evenhus – the person who captured the photograph – authenticated the photo. Evenhus testified at trial that Exhibit 502-4 depicted the blue flag left on the track.

Cotton objected to Exhibit 502-3 on the grounds of foundation and that Tucker lacked personal knowledge as to the photograph. The Court directed BNSF's counsel to lay the foundation regarding the photo. Cotton objected on hearsay grounds only once BNSF's counsel properly had laid the foundation as to Exhibit 502-3. The Court overruled Cotton's objection on hearsay grounds as photographs cannot constitute hearsay. *See U.S. v. Lisarraga-Tirado*, 789 F.3d 1107, 1109 (9th Cir. 2015) (determining that "a photograph isn't hearsay because it makes no 'assertion' . . . a photograph merely depicts a scene as it existed at a particular time.") Tucker also qualified as a proper witness to authenticate the photographs as he relied upon the photographs in his preliminary investigation.

Cotton's motion for a new trial as to the admission of Exhibits 502-3 and 502-4 must be denied.

**B. Exhibits 502-16 and 513-1**

Cotton asserts that the Court erred in admitting Exhibits 502-16 and 513-1 into evidence. Cotton argues that the exhibits constituted inadmissible hearsay. (Doc. 88-1 at 18.) Exhibit 502-16 depicted Evanhus's written statement that Tucker relied upon in his initial investigation. BNSF correctly asserts that this written statement did not constitute inadmissible hearsay because BNSF did not offer the statement to prove the truth of the matter asserted. BNSF offered the statement to demonstrate the effect that the statement had on Tucker. BNSF used the statement to highlight an aspect of Tucker's review in the preliminary investigation and the circumstances that led to his recommendation for a formal investigation. The Court properly admitted Exhibit 502-16 into evidence.

Exhibit 513-1 depicted an email from BNSF laborer Earl Herseim to Tucker. Cotton objected to Exhibit 513-1 on relevancy grounds. The Court overruled this objection. Cotton now objects to the admission of Exhibit 513-1 on the basis of hearsay. Cotton failed to object to Exhibit 513-1 on the basis of hearsay at trial. Cotton's failure to raise a hearsay objection to the admission of Exhibit 513-1 constitutes a waiver of the objection. *See Zhang*, 339 F.3d at 1035. Cotton's motion for a new trial regarding Exhibits 502-16 and 513-1 must be denied.

### C. Formal Disciplinary Process

Cotton argues that the Court improperly permitted BNSF to introduce evidence of the CBA disciplinary hearing. (Doc. 88-1 at 21.) Cotton argues that Tucker testified in violation of the Court's rulings regarding the formal investigation. Cotton argues further that testimony of Derek Cargill and Victor Ahlf as to the review of Cotton's conduct improperly referenced the CBA process.

The Court and the parties made substantial efforts to ensure that the proper amount of testimony regarding the CBA process reached the jury. The Court significantly limited BNSF's ability to reference the CBA process. The Court determined that the CBA process could only be referenced as a way to fill in the gap between Tucker's preliminary investigation and the ultimate decision to terminate Cotton. The Court reasoned that the jury needed to hear the full story. The Court did not permit BNSF to explain the details of the CBA process.

The Court's determination regarding the CBA process significantly limited the testimony of Cargill and Ahlf. The parties agreed to the portions of Cargill's transcript that BNSF played to the jury. Cotton failed to object to any portion of Cargill's testimony. Cotton further failed to object to any of Ahlf's testimony. Cotton's failure to object constitutes a waiver of this objection post-trial. *See Zhang*, 339 F.3d at 1035.

Cotton further fails to demonstrate that the testimony of Tucker prejudiced the jury. Any reference by Tucker of the formal disciplinary process constituted mere harmless error. *See Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329 (9th Cir. 1985). The Court provided preliminary and final instructions to the jury that evidence of the formal investigation had been admitted solely for the limited purpose of describing the events leading to Cotton's termination. (Doc. 77, 74.) Cotton failed to object to these instructions. Cotton's failure to object to the jury instructions at trial waives his ability to raise the objection post-trial. *See Zhang*, 339 F.3d at 1035; *see also Milhouse v. Travelers Commercial Ins. Co.*, 982 F. Supp. 2d 1088, 1106 (C.D. Cal. Nov. 5, 2013).

## CONCLUSION AND ORDER

Cotton has failed to demonstrate adequately grounds for judgment as a matter of law. Cotton further fails to demonstrate sufficient grounds for a new trial. The jury's verdict does not prove to be against the weight of the evidence. *See Murphy*, 914 F.2d at 187.

**ACCORDINGLY, IT IS ORDERED** that Cotton's Motion for New Trial (Doc. 88) is **DENIED**.

DATED this 23rd day of August, 2019.

_____
Brian Morris
United States District Court Judge